# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| IN RE: | § | | |
|---|---|---|---|
| **REMARKABLE HEALTHCARE OF CARROLLTON, LP** | § § § § § | Case No. Chapter 11 | 18-40295 |
| **REMARKABLE HEALTHCARE OF DALLAS, LP** | § § § § | Case No. Chapter 11 | 18-40296 |
| **REMARKABLE HEALTHCARE OF FORT WORTH, LP** | § § § § | Case No. Chapter 11 | 18-40297 |
| **REMARKABLE HEALTHCARE OF SEGUIN, LP** | § § § § | Case No. Chapter 11 | 18-40298 |
| **REMARKABLE HEALTHCARE, LLC** | § § § § | Case No. Chapter 11 | 18-40300 |
| DEBTORS. | § § § | Joint Administration Requested Under Case No. 18-40295 | |

## DEBTORS' MOTION FOR JOINT ADMINISTRATION

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTYONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an**

**objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.[1]**

TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:

Remarkable Healthcare of Carrollton, LP and its affiliated debtors and debtors-in-possession, Remarkable Healthcare of Dallas, LP, Remarkable Healthcare of Fort Worth, LP, Remarkable Healthcare of Seguin, LP, and Remarkable Healthcare, LLC (collectively, the "Remarkable Debtors"), in these above-captioned reorganization cases (collectively, the "Reorganization Cases"), respectfully file this Motion for Joint Administration (the "Motion"), and, in support hereof, state as follows:

## I.     JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    PROCEDURAL BACKGROUND

2. On February 12, 2018, the Remarkable Debtors commenced their Reorganization Cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

3. The Remarkable Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committees have been appointed in these Reorganization Cases.

---

[1] The Debtors in this matter seek emergency relief. Debtors request the Court expedite any hearings conducted pursuant to this Motion, and that all applicable deadlines be shortened.

### III. FACTUAL BACKGROUND

4. The Remarkable Debtors were formed in Texas from 2010 to 2013 and operate several skilled nursing facilities with hundreds of resident patients and employees located in Carrolton, Dallas, Fort Worth, and Seguin. Remarkable Healthcare is focused on the individual who needs healthcare services after his/her hospital stay and offers both services to help individuals return home to the community as well as long term services for those who require extended care. Services are tailored to each individual with the goal of facilitating increased strength and flexibility while minimizing pain and impairment. Stabilizing the patient from a clinical, nursing, and social aspect is Remarkable Healthcare's top priority.

5. The Reorganization Cases are intended to provide the Remarkable Debtors and their estates a forum for the orderly and efficient reorganization of their assets and satisfaction of outstanding obligations, including working to refinance or restructure their debts. The Remarkable Debtors believe such process will be in the best interests of their creditors and estates. Throughout these Reorganization Cases, the Remarkable Debtors will continue to work on refinancing options while also implementing cost-cutting measures and profit-centered efficiencies to stabilize their businesses and increase growth and liquidity to repay their debts over time through a plan of reorganization.

### IV. RELIEF REQUESTED AND AUTHORITY FOR RELIEF

6. By this Motion, the Debtors respectfully request entry of an order authorizing the joint administration of their Reorganization Cases.

7. This Court may order the joint administration of the estates of a debtor and an affiliate. Fed. R. Bankr. P. 1015(b). Bankruptcy Rule 1015(b) provides, in relevant part, if "two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order

a joint administration of the estates." Local Rule 1015-1 provides the requisite procedure for filing a motion requesting joint administration, with which the Debtors have complied.

8. Joint administration of the Debtors' Reorganization Cases is appropriate because the Debtors intend to file motions and, likely, a joint disclosure statement and plan that will affect all the Debtors. The joint administration of these Reorganization Cases, including the combining of notice to creditors of the respective estates, as well as the notices and hearings of all matters at the same time will promote the efficient and convenient administration of the Debtors' estates. The practicalities of providing professional services to the affiliated Debtors and their related management and operations further justifies consolidated fee and expense applications in the jointly administered case.

9. The rights of creditors of each of the Debtors will not be adversely affected by the joint administration of these Reorganization Cases. Joint administration will not affect substantive rights, and nothing set forth herein should be deemed to be a request for substantive consolidation of the Debtors' estates and their Reorganization Cases. To the extent that proofs of claim are required to be filed, each creditor will be entitled to file a claim against the particular estate that owes it money unless substantive consolidation actually is requested and granted. Finally, joint supervision of the administrative aspects of the Reorganization Cases by the Court and the Office of the United States Trustee may be simplified.

10. The Debtors further request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **REMARKABLE HEALTHCARE OF** | § | Case No. 18-40295 |
| **CARROLLTON, LP,** *et al.*[1]**,** | § | (Jointly Administered) |
| | § | |
| DEBTORS. | § | |

---

[1] The Debtors in these jointly-administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth (1650), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

11. The Debtors believe that the joint administration of the respective Debtors' estates is warranted and will ease the administrative burdens and costs of the Court and all interested parties.

12. There are no existing administrative or scheduling orders which require modification if this Motion is granted.

### V. <u>NOTICE</u>

13. Notice of this Motion is being given by the Court's CM/ECF system or otherwise by first class mail, postage prepaid, concurrently with the filing hereof to each of the parties on the attached service list, which includes: (a) the Debtors and their professionals, (b) each of the Debtor's secured creditors, (c) each of the Debtor's 20 largest unsecured creditors, (d) the United States Trustee, (e) the IRS and all relevant governmental entities, (f) any official committees appointed by this court and their professionals, (g) those persons and/or entities who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002; and (h) each of the Debtor's creditors and parties in interest.

14. Attached to this Motion as "<u>Exhibit 1</u>" is a proposed consolidated master mailing list for future noticing requirements, in accordance with Local Rule 1015-1.

## VI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court (i) grant the Motion and the relief requested herein, and (ii) enter an order (a) allowing for the joint administration of the Reorganization Cases, and (b) granting the Debtors all such other and further relief to which they may be justly entitled.

Dated: February 15, 2018               Respectfully submitted,

*/s/ Bryan C. Assink*
Mark A. Castillo
Texas State Bar No. 24027795
Bryan C. Assink
Texas State Bar No. 24089009
CURTIS | CASTILLO PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709
Email: mcastillo@curtislaw.net
           bassink@curtislaw.net

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on February 15, 2018, the foregoing document was served via the Court's CM/ECF system or otherwise by first class mail, postage prepaid, on each of the parties on the attached service list, which includes: (a) the Debtors and their professionals, (b) each of the Debtor's secured creditors, (c) each of the Debtor's 20 largest unsecured creditors, (d) the United States Trustee, (e) the IRS and all relevant governmental entities, (f) any official committees appointed by this court and their professionals, (g) those persons and/or entities who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002; and (h) each of the Debtor's creditors and parties in interest.

*/s/ Bryan C. Assink*
Bryan C. Assink