# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **IN RE:** § § | | |
| **REMARKABLE HEALTHCARE OF CARROLLTON, LP** § § § | Case No. | 18-40295 |
| **REMARKABLE HEALTHCARE OF DALLAS, LP** § § § § | Case No. | 18-40296 |
| **REMARKABLE HEALTHCARE OF FORT WORTH, LP** § § § § | Case No. | 18-40297 |
| **REMARKABLE HEALTHCARE OF SEGUIN, LP** § § § § | Case No. | 18-40298 |
| **REMARKABLE HEALTHCARE, LLC** § § § § | Case No. | 18-40300 |
| **DEBTORS.** § § § § § | Joint Administration Requested Under Case 18-40295 | |

## REMARKABLE DEBTORS' EMERGENCY MOTION PURSUANT TO 11 U.S.C. § 363 FOR INTERIM AND FINAL ORDERS AUTHORIZING THE USE OF <u>CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION</u>

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE</u> shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court**

**may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.[1]**

TO THE HONORABLE BRENDA T. RHOADES
UNITED STATES BANKRUPTCY JUDGE:

Come now, the Remarkable Debtors[2], in the above-captioned Chapter 11 cases (the "Reorganization Cases"), and respectfully file this Emergency Motion Pursuant to 11 U.S.C. § 363 for Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection (the "Motion") pursuant to Sections 105(a), 361, 362(a) and 363(c) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 4001, 6003 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, in support hereof, state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### PROCEDURAL BACKGROUND

2.      On February 12, 2018 (the "Petition Date"), the Remarkable Debtors commenced these Reorganization Cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3.      The Remarkable Debtors continue to operate their business a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or official

---

[1] The Remarkable Debtors are seeking emergency and/or expedited relief, and the Court may order shortened deadlines.
[2] The jointly-administered Debtors are Remarkable Healthcare LLC, Remarkable Healthcare of Carrollton, LP, Remarkable Healthcare of Dallas, LP, Remarkable Healthcare of Fort Worth, LP, and Remarkable Healthcare of Seguin, LP, (collectively, the "Remarkable Debtors")

committees have been appointed in these Reorganization Cases.

## FACTUAL BACKGROUND

4. The Remarkable Debtors were formed in Texas from 2010 to 2013 and operate several skilled nursing facilities with hundreds of resident patients and employees located in Carrolton, Dallas, Fort Worth, and Seguin. Remarkable Healthcare is focused on the individual who needs healthcare services after his/her hospital stay and offers both services to help individuals return home to the community as well as long term services for those who require extended care. Services are tailored to each individual with the goal of facilitating increased strength and flexibility while minimizing pain and impairment. Stabilizing the patient from a clinical, nursing, and social aspect is Remarkable Healthcare's top priority.

5. The Reorganization Cases are intended to provide the Remarkable Debtors and their estates a forum for the orderly and efficient reorganization of their assets and satisfaction of outstanding obligations, including working to refinance or restructure their debts. The Remarkable Debtors believe such process will be in the best interests of their creditors and estates. Throughout these Reorganization Cases, the Remarkable Debtors will continue to work on refinancing options while also implementing cost-cutting measures and profit-centered efficiencies to stabilize their businesses and increase growth and liquidity to repay their debts over time through a plan of reorganization.

6. Pursuant to its Loan Agreement, Term Note, and related documents (the "Comerica Loans"), Comerica Bank, located at P.O. Box 641618, Detroit, MI, 48264 asserts that the Remarkable Debtors are indebted approximately as follows:

    a) $2,969,071 borrowed against a $3,000,000 revolving line of credit;

      b) $509,512.56 remaining due under a $800,000 Small Business Agreement Note; and

      c) $605,686.34 remaining due under a $800,000 Small Business Administration Note;

(collectively, the "Comerica Indebtedness").

7. Pursuant to its Loan Agreement, Term Note, and related documents (the "Montgomery Capital Partners Loans"), Montgomery Capital Partners, located at 2500 Dallas Parkway, Suite 300, Plano, TX 75093, asserts the Remarkable Debtors are indebted approximately as follows:

      a) $434,512 remaining due under a $650,000 Note Purchase Agreement (the "Montgomery Capital Partners Indebtedness")

8. Pursuant to its Loan Agreement, Term Note, and Assignment to PeopleFund, (the "Southern Dallas/PeopleFund Loans"), Southern Dallas and/or PeopleFund, located at 400 S. Zang Blvd, Suite 1210, Dallas, TX 75208; assert that the Remarkable Debtors are indebted approximately as follows:

      a) $60,709 remaining due under a $250,000 Term Loan (the "Southern Dallas /PeopleFund Indebtedness")

9. The liabilities evidenced by the Comerica Indebtedness, the Montgomery Capital Partners Indebtedness, and the Southern Dallas /PeopleFund Indebtedness (collectively, the "Secured Creditors"), including interest and penalties, are collectively identified as the "Prepetition Indebtedness."

10. The Secured Creditors assert that their respective indebtedness are secured by liens on certain of the Remarkable Debtors' assets as identified by the respective Secured Creditors'

Loans (collectively, the "Collateral"). The Remarkable Debtors believe the Secured Creditors assert that the Collateral, together with the proceeds and revenues thereof, constitute Cash Collateral as that term is defined in Section 363(a) of the Bankruptcy Code (the "Cash Collateral"). The Remarkable Debtors' collateral securing the Prepetition Indebtedness are identified collectively as the "Prepetition Collateral."

## RELIEF REQUESTED AND AUTHORITY FOR RELIEF

11. By this Motion, the Remarkable Debtors respectfully request the entry of an order authorizing the use of Cash Collateral.[3] The Secured Creditors are the only claimants that have an interest in the Cash Collateral.

12. The Remarkable Debtors must use the Cash Collateral to operate their businesses after the Petition Date and until confirmation. The Remarkable Debtors have attached as Exhibit "A" and Exhibit B to this Motion, budgets for 14 days and 30 days, respectively, following the Petition Date (the "Budgets")[4], to pay necessary operating expenses (including, without limitation, payroll, rent, insurance premiums, utilities, etc.).

13. The Remarkable Debtors have not been able, in the ordinary course of business or otherwise, to obtain unsecured credit under §364(a) or 503(b)(1) of the Code or obtain alternative financing under more favorable terms under §364.

14. As such, the Remarkable Debtors request the use of Cash Collateral in accordance with the Budgets. Without the use of the Cash Collateral, the Remarkable Debtors will not have the funds necessary to maintain operations of the businesses, utilities, or other overhead and

---

[3] Nothing contained in this Motion constitutes an admission or waiver of any fact, claim, or defense related to the Secured Creditors') claims, the security interests asserted by the Secured Creditors against property of the estates, or the nature, extent, validity, or priority of the Secured Creditors' asserted security interests, or any other matter with respect to the Secured Creditors.
[4] The 14-day and 30-day budgets also include an estimate of revenue and expenses per patient day ("PPD") to account for changes in cash needs based upon the various facilities' then-prevailing patient censuses.

expenses required for the maximization of the value of the Remarkable Debtors' assets through the bankruptcy process for the benefit of their estates and creditors.

15. In order to avoid immediate and irreparable harm to the estates that will occur if the use of Cash Collateral is not immediately approved, on an interim basis, the Remarkable Debtors request authorization for immediate use of Cash Collateral for essential operating purposes, pursuant to the Budgets, in exchange for the adequate protection set forth herein.

16. As adequate protection for the use of Cash Collateral, the Remarkable Debtors' request that the Court grant the Secured Creditors, effective on and after the effective date of the interim order ("<u>Interim Order</u>") hereon, the following protections: <u>Court Records</u>: As part of the adequate protection provided to the Secured Creditors, the Remarkable Debtors shall submit to the Secured Creditors copies of all monthly reports required to be made to the United States Trustee, all filings made by the Remarkable Debtors with the Court, and all notices of hearings in this Reorganization Cases. <u>Bank Accounts</u>: The Remarkable Debtors shall maintain their Debtor-in-Possession accounts in accordance with the orders of this Court applicable thereto and/or in accordance with the regulations of the Office of the United States Trustee. <u>Insurance</u>: The Remarkable Debtors shall give the Secured Creditors proof of insurance coverage and maintain same on the tangible portions of the Collateral. <u>Taxes</u>. The Remarkable Debtors intend to stay current on all post-petition tax obligations. <u>Replacement Liens</u>: The Secured Creditors shall be granted a general and continuing lien upon and security interest in and to all of the Remarkable Debtors' right, title, and interests in, to, and against the Secured Creditors' collateral, acquired by the Remarkable Debtors after the Petition Date (the "<u>Post-Petition Collateral</u>"); provided, however, that such replacement liens shall be granted only to the extent necessary to replenish the diminution in value as of the Petition Date of the Secured Creditors' pre-petition liens and security interest

and shall not exceed the amount, priority, validity, perfection or enforceability of the Secured Creditors' lien position and rights as of the Petition Date; provided further, that such replacement liens shall not attach to avoidance actions or other actions under Chapter 5 of the Bankruptcy Code or any proceeds or recoveries therefrom; provided further that the replacement liens shall not be subject to any lien that is avoided and preserved for the benefit of the Remarkable Debtors' estates under section 551 of the Bankruptcy Code; provided further that notwithstanding anything to the contrary herein, nothing herein shall prejudice the Remarkable Debtors' right to contest, dispute, object to, avoid, and/or raise any and all defenses and claims against the Secured Creditors' prepetition alleged secured loans, security interests, and liens for the limited period described herein, and nothing herein shall entitle any of the Secured Creditors to cross collateralization not previously allowed.  The Replacement Liens provided by this paragraph shall be deemed first and prior, valid, perfected, and enforceable without the need of filing, recordation, documentation, or other acts on the part of the Secured Creditors or the Remarkable Debtors subject to the following paragraph.

17.    The Remarkable Debtors request immediate authorization for the use of Cash Collateral for such operating purposes as set forth in the Budgets, based on revenue and expenses per patient day ("PPD"); provided, however, the Debtors may exceed the expenditures in the Budgets by no more than 15% on the PPD line items without approval of the Secured Creditors, and may only exceed the expenditures by more than 15% of the PPD line items upon order of this Court or the written consent of the Secured Creditors.  No budget submitted by the Remarkable Debtors shall be an admission of liability nor constitute the waiver of any right, claim, or defense of the Remarkable Debtors.  The Remarkable Debtors shall update the Budgets, if necessary, and

provide same to the Secured Creditors. The Debtors' management shall not issue checks that will fail to clear due to insufficient funds.

18. The Remarkable Debtors specifically reserve their rights to assert an objection to the nature, extent, validity, or priority of the Secured Creditors' security interests, or any other matter with respect to such.

### REQUEST FOR EMERGENCY INTERIM HEARING

19. Pursuant to Bankruptcy Rules 4001 and 6003, the Remarkable Debtors request the Court conduct an emergency hearing on this Motion. The requested use of Cash Collateral pending entry of a final order is necessary to avoid immediate and irreparable harm to the Remarkable Debtors and their estates. Indeed, without such relief, the Remarkable Debtors are gravely concerned that the value of their assets and businesses will be diminished and remaining operations will be disrupted by (a) loss of employees if payroll is not paid, (b) loss of assets if insurance is not paid, (c) loss of customers if operational costs are not paid, and (d) loss of the ability to orderly reorganize if business is disrupted. If this occurs, the value of the Remarkable Debtors' estates will be drastically reduced, and it will become much more difficult to conduct an efficient and orderly reorganization and pay creditors. The Remarkable Debtors face the very real and substantial risk that the value of their businesses and assets may be severely, immediately, and irreparably impaired if authority is not granted immediately.

20. In light of the foregoing, the Remarkable Debtors respectfully submit that the relief requested herein is essential for Chapter 11 reorganization, represents an exercise of their sound business judgment, is in the best interests of the Remarkable Debtors' estate and creditors, and is necessary to prevent immediate and irreparable harm to their estates as contemplated under Bankruptcy Rule 4001(b)(2) and excepted from Rule 6003. Accordingly, the Remarkable Debtors

seek approval of the Motion by entry of an Interim Order hereon with a final hearing to be set no earlier than 14 days from the service of this Motion.

## NOTICE

21. Notice of this Motion is being given concurrently with the filing hereof to the Office of the United States Trustee, each of the Remarkable Debtors' secured creditors and their counsel where known, and each of the Remarkable Debtors' unsecured creditors. No official committee or trustee has been appointed in this Reorganization Case. Accordingly, the Remarkable Debtors submit, under the circumstances, no further or other notice is necessary, other than with respect to a final hearing on this matter when set by the Court.

WHEREFORE, PREMISES CONSIDERED, the Remarkable Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) authorizing the Remarkable Debtors to use Cash Collateral in accordance with the Interim Order and attached Budgets, (ii) granting as adequate protection the replacement liens and protections proposed herein above, (iii) authorizing continued use of Cash Collateral on such terms as the Court may impose or to which the Secured Creditors may consent, and (iv) granting the Remarkable Debtors all such other and further relief to which they may be justly entitled.

Dated: February 15, 2018.                    Respectfully submitted,

                                                     */s/ Mark A. Castillo*_____
                                                 Mark A. Castillo
                                                 Texas State Bar No. 24027795
                                                 Bryan C. Assink
                                                 Texas State Bar No. 24089009
                                                 CURTIS | CASTILLO PC
                                                 901 Main Street, Suite 6515
                                                 Dallas, Texas 75202
                                                 Telephone: 214.752.2222
                                                 Facsimile: 214.752.0709
                                                 Email: mcastillo@curtislaw.net
                                                                       bassink@curtislaw.net

                                                 PROPOSED COUNSEL FOR DEBTORS
                                                 AND DEBTORS-IN-POSSESSION

## **CERTIFICATE OF CONFERENCE**

     On February 15, 2018, the undersigned proposed counsel for the Debtors communicated with the Office of the United States Trustee, Counsel for Comerica, and Counsel for PeopleFund, and they do not oppose the requested emergency hearing. Proposed Counsel for debtor will confer with Montgomery Capital Partners before the emergency hearing.

     The Secured Creditors will receive notice of this motion upon filing and will need time to review the Motion, the Budgets, and the Proposed Order. Proposed Counsel for the Debtors will continue to conference with the Secured Creditors after filing.

                                                       */s/ Mark A. Castillo*
                                                       Mark A. Castillo

## **CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that, on February 15, 2018, the foregoing document was served via the Court's CM/ECF system or otherwise by first class mail, postage prepaid, on each of the parties on the attached service list, which includes: (a) the Debtors and their professionals, (b) each of the Debtor's secured creditors, (c) each of the Debtor's 20 largest unsecured creditors, (d) the United States Trustee, (e) the IRS and all relevant governmental entities, (f) any official committees appointed by this court and their professionals, (g) those persons and/or entities who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002; and (h) each of the Debtor's creditors and parties in interest.

                                                       */s/ Bryan C. Assink*
                                                      Bryan C. Assink