## TRUST AGREEMENT FOR THE REMARKABLE LITIGATION TRUST

This Trust Agreement for the Remarkable Litigation Trust (the "Trust Agreement"), is made as of the Effective Date of the Plan for the benefit of the Litigation Trustee (as defined herein) and the General Unsecured Creditors.

### RECITALS

This Trust Agreement is entered into to facilitate implementation of the Plan and to settle the remaining objections to confirmation of the Plan. Under the Plan, the Trust Property has been transferred to the Trust created and evidenced by this Trust Agreement so that: (i) the Trust Property can be held in trust for the benefit of the Beneficiaries (as defined herein) as a litigation trust for the objectives and purposes set forth in the Plan and this Trust Agreement, (ii) the Estate Actions can be resolved, (iii) Distributions can be made in accordance with the Plan, (iv) the Trust Property (as defined herein) can be liquidated, and (v) administrative services and expenses relating to the activities of the Trust can be performed and paid by the Litigation Trustee.

### DECLARATION OF TRUST

For good and valuable consideration, including confirmation of the Plan, Debtors and the Trustee have executed this Trust Agreement for the benefit of the Beneficiaries entitled to the Trust Property. Debtors hereby assign and transfer to the Trustee, and the Trustee's successors or assigns, all right, title, and interest in and to the Trust Property:

(a) to have and to hold unto the Trustee and the Trustee's successors, and assigns in trust under and subject to the terms and conditions set forth in this Trust Agreement and for the benefit of the Beneficiaries of the Trust, and for the performance of and compliance with the terms of the Plan and this Trust Agreement;

(b) provided, however, that on termination of the Trust, this Trust Agreement shall cease, terminate, and be of no further force and effect.

The Trust Property is to be held and distributed by the Trustee subject to the further covenants, terms, and conditions set forth below.

### ARTICLE I: DEFINITIONS

**1.01 Definitions**. All capitalized terms not otherwise defined in this Trust Agreement have the meanings ascribed to them in the Plan. Any capitalized term used in this Trust Agreement that is not defined in the Plan has the meaning ascribed to that term in the

**TRUST AGREEMENT FOR THE REMARKABLE LITIGATION TRUST, PAGE 1**

Bankruptcy Code or the Bankruptcy Rules, whichever is applicable. In addition to the other terms defined above, the following terms have these meanings when used in this Trust Agreement:

"Administrative Committee" means,

(a) prior to the appointment of the initial Trustee, the following holders of General Unsecured Claims: M Chest Institutional Pharmacy Group, LLC, Omnicare Pharmacy of Texas 1, LP, Pharmscript of Texas, LLC and Medline Industries, Inc.;

(b) after to the appointment of the initial Trustee, the following holders of General Unsecured Claims: M Chest Institutional Pharmacy Group, LLC, Omnicare Pharmacy of Texas 1, LP, and Pharmscript of Texas, LLC.

"Bankruptcy Case" means the Chapter 11 Bankruptcy Proceedings of Remarkable Healthcare of Carrolton, LP and its affiliated debtors including Remarkable Healthcare of Dallas, LP, Remarkable Healthcare of Fort Worth, LP, Remarkable Healthcare of Seguin, LP and Remarkable Healthcare, LLC commenced in the reorganization cases and jointly administered under the lead case, No. 18-40295 In the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

"Bankruptcy Court" means The United States Bankruptcy Court for the Eastern District of Texas, Sherman Division

"Beneficiaries" mean the holders of Allowed General Unsecured Claims included in the following Classes of Claims under the terms of the Plan:

Remarkable Healthcare of Carrollton, LP, Classes 7 and 8
Remarkable Healthcare of Dallas, LP, Classes 6 and 7
Remarkable Healthcare of Fort Worth, LP, Classes 7 and 8
Remarkable Healthcare of Seguin, LP, Classes 6 and 7
Remarkable Healthcare, LLC Classes 6 and 7

"Disclosure Statement" means the Second Amended Disclosure Statement under 11 U.S.C. §1125 in support of Debtors' Joint Plan of Reorganization dated March 29, 2019 (as updated April 9, 2019) filed in the Bankruptcy Case under Docket No. 319.

"Distribution" means a distribution of cash pursuant to the terms of this Trust Agreement, to take place as provided for herein.

**TRUST AGREEMENT FOR THE REMARKABLE LITIGATION TRUST, PAGE 2**

"Effective Date" means the date on which the Debtors file a Notice of Effective Date effectuating their confirmed Plan.

"Estate Actions" are defined and described in the Plan and Disclosure Statement.

"Litigation Trustee" or "Trustee" means the Person appointed to serve in such capacity in accordance with the terms of this Trust.

"Plan" means Debtors' Joint Chapter 11 Plan of Reorganization dated March 29, 2019 (as modified May 3, 2019) and as further modified on May 13, 2019.

"Trust" means this litigation trust named "The Remarkable Litigation Trust."

"Trust Property" means (a) any and all Estate Actions and the net proceeds thereof, (b) the initial cash contribution to the Trust of $10,000.00 made by Debtors to the Trust on the Effective Date, (c) any and all documents and records of any Debtor relevant to or related to any Estate Action including, but not limited to, bank statements, canceled checks, debit and ACH transfer advices, and (d) and any other assets acquired by the Trust.

## ARTICLE II: THE TRUST

**2.1  Creation and Name.** There is hereby created the Trust, which shall be known as "The Remarkable Litigation Trust."

**2.2  Objectives and Purposes.** The general purpose of the Trust established under the Trust Agreement is to provide a mechanism for the liquidation of the Trust Property, and to distribute the proceeds of the liquidation, net of all Claims, expenses, charges, liabilities, and obligations of the Trust, to the Beneficiaries in accordance with the terms of this Trust Agreement. The Trust will not conduct or engage in any trade or business activities, other than those associated with or related to the liquidation of the Trust Property and the Distributions to the Beneficiaries. In furtherance of that objective, the Litigation Trustee shall make continuing best efforts to: (i) liquidate the Trust Property, (ii) make Distributions, and (iii) not unduly prolong the duration of the Trust, all in accordance with this Trust Agreement. The purposes of the Trust include, but are not limited to the following:

(a)  marshaling, liquidating, and distributing the Trust Property in an expeditious and orderly manner;

(b)  performing the functions and taking the actions provided for or permitted by this Trust Agreement;

(c) serving as the "representative of the estate" under 11 U.S.C. §1123(b)(3)(B);

(d) prosecuting, settling, or abandoning the Estate Actions transferred and assigned to the Trust under the Plan as Trust Property and to distribute the net proceeds of any recoveries thereon (after payment of any legal fees and/or costs associated with such recoveries) in accordance with the terms of the Plan and this Trust Agreement; and

(e) reconciling, objecting to, prosecuting, or settling General Unsecured Claims, if necessary, to determine the appropriate amount of Distributions to the made to the Beneficiaries under this Trust Agreement.

**2.3** **Acceptance**. The Litigation Trustee accepts the Trust imposed under the Trust Agreement, and agrees to observe and perform that Trust on and subject to the terms and conditions set forth in the Plan and this Trust Agreement.

**2.4** **Further Assurances.** The Debtors will, on reasonable request of the Litigation Trustee and subject to the terms of the Plan Confirmation Order, execute, acknowledge, and deliver such further instruments and do such further acts that may be necessary or proper to transfer to the Litigation Trustee any portion of the Trust Property intended to be conveyed under this Trust Agreement in the form and manner provided for in the Plan and to vest in the Litigation Trustee the powers, instruments, or funds in trust.

**2.5** **Incidents of Ownership**. The Beneficiaries shall be the sole beneficiaries of the Trust, and the Litigation Trustee shall retain only such incidents of ownership necessary to undertake the actions and transactions authorized under the Plan or this Trust Agreement.

### ARTICLE III: THE LITIGATION TRUSTEE

**3.1** **Number and Qualifications.** Except as otherwise provided in this Trust Agreement, there shall be one (1) Litigation Trustee of the Trust. The Litigation Trustee is the Person nominated by and approved by a majority of the Administrative Committee. The Litigation Trustee shall not be required to post a fidelity bond or a surety, but may do so in the Litigation Trustee's sole discretion. All costs and expenses of procuring any fidelity bond or surety shall be paid as a cost and expense of the Trust. The Litigation Trustee shall be entitled to engage in such other activities as the Litigation Trustee deems appropriate and that are not in conflict with the interests of the Trust, and the Litigation Trustee shall devote such time that is necessary to fulfill all of its duties as Litigation Trustee.

**3.2** **Action by Litigation Trustee**. The Trust shall be managed by the Litigation Trustee, in accordance with the provisions set forth in this Agreement.

**3.3** **Binding Nature of Litigation Trustee's Action**. All actions taken and determinations made by the Litigation Trustee in accordance with the provisions of the Plan or this

Trust Agreement shall be final and binding on all Beneficiaries.

**3.4** **Terms of Service**. The Litigation Trustee shall serve as the Litigation Trustee for the duration of the Trust, subject to earlier death, resignation, or removal.

**3.5** **Resignation**. The Litigation Trustee may resign such position only by a written instrument filed with the Bankruptcy Court at least sixty (60) days before the proposed effective date of the resignation. The Litigation Trustee shall continue to serve as Litigation Trustee after the filing of the resignation until the proposed effective date, which shall be the effective date of appointment (if any) of a successor Litigation Trustee in accordance with the applicable provisions of the Plan and this Trust Agreement. Nothing contained in this section shall restrict the right to remove the Litigation Trustee as provided in the Plan or this Trust Agreement.

**3.6** **Removal**. The Litigation Trustee may be removed from office only for: (i) fraud, willful misconduct, or gross negligence in connection with the Litigation Trustee's duties under this Trust Agreement; (ii) a physical or mental disability that substantially prevents the Litigation Trustee from performing its duties under the Plan; or (iii) cause, including, but not limited to, a breach of fiduciary duty or an unresolved conflict of interest, other than as specified in the foregoing clauses (i) and (ii). After removal pursuant to this section, the Litigation Trustee shall continue to serve as the Litigation Trustee until the effective date of the appointment of a successor Litigation Trustee in accordance with this Trust Agreement.

**3.7** **Appointment of Successor Litigation Trustee**.

**3.7.1** **Appointment of Successor Litigation Trustee**. In the event of a vacancy by reason of death or removal of the Litigation Trustee or prospective vacancy by reason of resignation, the Administrative Committee, by majority vote, may appoint a successor Litigation Trustee. If the Administrative Committee refuses or is unable to appoint a successor Litigation Trustee, any two (2) members of the Administrative Committee (acting together) may file a pleading with the Bankruptcy Court seeking the appointment of a successor Litigation Trustee, which shall be appointed by the Bankruptcy Court (after notice and a hearing) as soon as practicable.

**3.7.2** **Vesting of Rights in Successor Litigation Trustee**. Every successor Litigation Trustee appointed under this Article shall execute, acknowledge, and deliver to the Trust, the Trust Committee, and the retiring Litigation Trustee, if any, an instrument accepting the appointment subject to the terms and provisions of the Plan and this Trust Agreement. The successor Litigation Trustee may, in its sole discretion, provide a fidelity bond or surety as provided in this Trust Agreement. The successor Litigation Trustee, without any further act, deed, or conveyance, shall become vested with all the rights, powers, trusts, and duties of the Litigation Trustee, except that the successor Litigation Trustee shall not be liable for the acts or omissions of any prior Litigation Trustee.

**3.8** **Continuance of Trust**. The death, resignation, or removal of the Litigation Trustee shall not operate to: (i) terminate the Trust created by this Trust Agreement, (ii) revoke any existing agency (other than any agency of the Litigation Trustee as the Litigation Trustee) created under this Trust Agreement, or (iii) invalidate any action taken by the Litigation Trustee. The Litigation Trustee agrees that the provisions of this Trust Agreement shall be binding on, and inure to the benefit of, the Litigation Trustee and its heirs, legal and personal representatives, successors or assigns, as the case may be. In the event of the resignation or removal of the Litigation Trustee, the Litigation Trustee shall promptly: (i) execute and deliver by the effective date of resignation or removal, any documents, instruments, and other writings that may be reasonably requested by the successor Litigation Trustee to effect the termination of the resigning or removed Litigation Trustee's capacity under this Trust Agreement and the conveyance of the Trust Property then held by the resigning or removed Litigation Trustee to the successor Litigation Trustee; (ii) deliver to the successor Litigation Trustee all documents, instruments, records, and other writings relating to the Trust that may be in the possession or under the control of the resigning or removed Litigation Trustee; and (iii) otherwise assist and cooperate in effecting the assumption of the resigning or removed Litigation Trustee's obligations and functions by the successor Litigation Trustee. The resigning or removed Litigation Trustee hereby irrevocably appoints the successor Litigation Trustee as its attorney-in-fact and agent with full power of substitution for it and its name, place, and stead to do any and all acts that such resigning or removed Litigation Trustee is obligated to perform.

**3.9** **Compensation**. As compensation for services as Litigation Trustee, the Litigation Trustee shall receive reasonable compensation for all services rendered based upon time incurred and the ordinary hourly rates of the person providing services. The Litigation Trustee shall also be entitled to reimbursement of all out-of-pocket expenses. All fees and costs of the Litigation Trustee shall be paid out of the Trust Property. Further, the Litigation Trustee shall submit regular statements supporting any fees or costs for review by the Administrative Committee. In the event that a Member of the Administrative Committee objects to the fees or costs of the Litigation Trustee that cannot be informally resolved, the objecting Administrative Committee member may file an objection with the Bankruptcy Court and the Bankruptcy Court may determine the reasonable amount of fees and costs to be paid to the Litigation Trustee.

**3.10** **Standard of Care; Indemnification; Exculpation**. The Litigation Trustee, acting in the capacity as the Litigation Trustee or in any other capacity contemplated by this Trust Agreement or the Plan, shall not be personally liable in connection with the affairs of the Trust to the Trust or to any Person, except for such acts or omissions constituting fraud, willful misconduct, or gross negligence. The Litigation Trustee shall not be personally liable to the Trust or to any Person for the acts or omissions of any officer, employee, or agent of the Trust, unless the Litigation Trustee acted with gross negligence or willful misconduct in the section, retention, or supervision of such officer, employee, or agent of the Trust. Except in those situations in which the Litigation Trustee is not exonerated of personal liability in accordance with the foregoing, the Litigation Trustee (including each former Litigation Trustee) shall be indemnified by the Trust against, and held harmless by the Trust from, any losses, claims, damages, liabilities, or expenses (including attorney

**TRUST AGREEMENT FOR THE REMARKABLE LITIGATION TRUST, PAGE 6**

fees, disbursements, and related expenses) to which the Litigation Trustee may become subject in connection with any action, suit, proceeding, or investigation brought or threatened against the Litigation Trustee in its capacity as Litigation Trustee, or in any other capacity contemplated by this Trust Agreement or the Plan or in connection with any matter arising out of or related to the Plan, this Trust Agreement, or the affairs of the Trust. If the Litigation Trustee becomes involved in any action, proceeding, or investigation in connection with any matter arising out of or in connection with the Plan, this Trust Agreement, or the affairs of the Trust, the Trust shall periodically advance or otherwise reimburse on demand the Litigation Trustee's reasonable legal and other expenses (including the cost of any investigation and preparation and attorney fees, disbursements, and related expenses) incurred in connection therewith, but the Litigation Trustee shall be required to repay promptly to the Trust the amount of any such advanced or reimbursed expenses paid to the Litigation Trustee to the extent that it shall be ultimately determined by Final Order that the Litigation Trustee engaged in fraud, willful misconduct, or gross negligence in connection with the complained of actions. The provisions of this section shall remain available to, and be binding on, any former Litigation Trustee or the estate of any deceased Litigation Trustee.

**3.11** **Reliance by Litigation Trustee**. The Litigation Trustee may rely, and shall be fully protected in acting or refraining from acting, on any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order, or other instrument or document that the Litigation Trustee has no reason to believe is not genuine and to have been signed or presented by the proper party or parties or, in the case of facsimiles, to have been sent by the proper party or parties, and the Litigation Trustee may conclusively rely as to the truth of the statements and correctness of the opinions expressed in such documents. The Litigation Trustee may consult with counsel, and any opinion of counsel shall be full and complete authorization and protection regarding any action taken or suffered by the Litigation Trustee in accordance with such opinion. The Litigation Trustee shall have the right at any time to seek instructions from the Bankruptcy Court (or any other court of competent jurisdiction after the chapter 11 case is finally closed) concerning the Trust Property, the Plan, or any other document executed in connection therewith, and those instructions shall be full and complete authorization regarding any action taken or suffered by the Litigation Trustee in accordance with those instructions.

**3.12** **Reliance by Persons Dealing With the Trust**. In the absence of actual knowledge to the contrary, any Person dealing with the Trust shall be entitled to rely on the authority of the Litigation Trustee to act in connection with the Trust Property, and shall have no obligation to inquire into the existence of such authority.

**3.13** **Statement of Discharge and Discharge of Litigation Trustee**.

**3.13.1** **Statement of Discharge**. The Litigation Trustee shall, on termination of the Trust or on the Litigation Trustee's resignation, removal, or death (in which case the Litigation Trustee's estate shall), render a statement of discharge containing the following information: (i) all assets and funds of the Trust originally charged under the Litigation Trustee's control;

**TRUST AGREEMENT FOR THE REMARKABLE LITIGATION TRUST, PAGE 7**

(ii) a summarized accounting, in sufficient detail, of all purchases, sales, gains, losses, and income in connection with the Trust during the Litigation Trustee's term of service; and (iii) the ending balance of all assets and funds of the Trust as of the date of discharge. At the discretion of the Litigation Trustee, such statement may be audited by the independent accountants in accordance with generally accepted auditing standards.

**3.13.2** **Approval of Statement of Discharge**. The statement of discharge required by section 3.13.1 shall be filed with the Bankruptcy Court. Unless a majority of the Beneficiaries object to the approval of the statement of discharge within 30 days after the date on which such statement of discharge was filed, the withdrawing Litigation Trustee shall be discharged from all liability to the Trust, the Beneficiaries, and any Person who has had or may have an interest in the Trust or Trust Property for acts or omissions in the Litigation Trustee's capacity as the Litigation Trustee or in any other capacity contemplated by the Plan or this Trust Agreement.

**3.13.3** **Costs Relating to Statement of Discharge**. The expenses of any accounting in connection with the statement of discharge shall be paid by the Trust as a cost and expense of the Trust out of the Trust Property.

### ARTICLE IV - POWERS OF THE LITIGATION TRUSTEE

**4.1** **Title.** Legal title to all Trust Property shall be vested in the Litigation Trustee.

**4.2** **Management Power**. Except as otherwise expressly limited in the Plan or this Trust Agreement, the Litigation Trustee shall have control and authority over the Trust Property, including the Estate Actions and other causes of action belonging to the Trust, and over the management and disposition of the Trust Property. Except as otherwise provided in this Trust Agreement, the Litigation Trustee need not obtain any Court order or approval in the exercise of any power or discretion conferred under this Trust Agreement, or account to any Court in the absence of a breach of fiduciary duty. The Litigation Trustee shall exercise its judgment for the benefit of the Beneficiaries in order to maximize the value of the Trust Property, giving due regard to the cost, risk, and delay of any course of action. In connection with the management and use of the Trust Property, the Litigation Trustee's powers (except as otherwise expressly limited in the Plan) shall include the following:

(i)   to accept the Trust Property;

(ii)   to reconcile, settle, or object to General Unsecured Claims against Debtors and to investigate, prosecute, leave unasserted, abandon, or settle, Estate Actions that are Trust Property;

(iii)   to make or cause to be made Distributions of Trust Property in accordance with the

terms of this Trust Agreement;

(v) to engage in all acts that would constitute ordinary performance of the obligations of a trustee and to file all returns of the Trust, if any, required to be filed under applicable law;

(vi) to obtain any and all bank statements, canceled checks and other account information in the possession, custody or control of any non-Debtor regarding Debtors' bank investment and other financial institution accounts;

(vii) to enforce the payment of notes or other obligations of any Person or to make contracts with respect to such enforcement, and to purchase insurance with such coverage and limits as the Litigation Trustee deems desirable;

(viii) to appoint, engage, employ, supervise, and compensate Persons as may be necessary or desirable, including consultants, accountants, technical, attorneys, agents, or depositories. The Litigation Trustee is specifically authorized to engage the Trustee and/or any firm in which the Trustee has an interest, as counsel for the Trust in any matter including (but not limited to) the prosecution of any Estate Action or the objection to any General Unsecured Claim;

(ix) to the extent reasonable required to meet claims and contingent liabilities (including Contested Claims) or to maintain the value of Trust Property during liquidation, to invest and reinvest Cash available to the Trust, pending distribution, and to liquidate such investments;

(x) to determine the manner of ascertainment of income and principal, and the apportionment of income and principal, and the apportionment between income and principal of all receipts and disbursements, and to select an annual accounting period;

(xi) establish such funds, reserves, and accounts within the Trust estate, as deemed by the Litigation Trustee in its discretion to be useful in carrying out the purposes of the Trust;

(xii) subject to the provisions herein, to sue and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding related to Estate Actions;

(xiii) delegate any or all of the discretionary power and authority conferred in this Trust Agreement at any time with respect to all or any portion of the Trust to any one or more reputable individuals or recognized institutional advisers or investment managers without liability for any action taken or omission made because of any such delegation;

(xiv) to borrow money on behalf of the Trust and to obligate the Trust and Trust Property for the repayment of all such amounts;

(xv)    to open any and all depository accounts for the benefit of the Trust deemed necessary by the Litigation Trustee in the exercise of its sole discretion and judgment;

(xvi)    to deposit any Trust Property into any IOLTA account maintained by the Litigation Trustee at any federally insured depository institution;

(xvii)    to execute, deliver and perform such other agreements and documents and to take or cause to be taken any and all such other actions as it may deem necessary or desirable to effectuate and carry out the purposes of this Trust Agreement; and

(xviii)    undertake any action or perform any obligation provided for or required by this Trust Agreement.

**4.4    Employment and Compensation of Professionals**. The Litigation Trustee shall have the authority to employ and compensate attorneys, accountants, and other professionals (including a disbursing agent to make Distributions) as the Litigation Trustee may determine to be necessary or appropriate in carrying out the provisions of the Plan and this Trust Agreement. The Trust Property may pay the reasonable fees and expenses of such professionals as a cost and expense without application to the Bankruptcy Court. All fees and expenses of such professionals shall be paid out of the Trust Property. Further, the Litigation Trustee shall submit regular statements supporting any fees or expenses for review by the Administrative Committee. In the event that a Member of the Administrative Committee objects to the fees or expenses of any professional that cannot be informally resolved, the objecting Administrative Committee member may file an objection with the Bankruptcy Court and the Bankruptcy Court may determine the reasonable amount of fees and expenses to be paid to the professional.

### ARTICLE V - OBLIGATIONS OF THE LITIGATION TRUSTEE

**5.1    Records**. The Litigation Trustee shall maintain records and account books relating to the Trust Property, the management of the Trust and the Trust Property, and all transactions undertaken by the Litigation Trustee. The Litigation Trustee shall also maintain records and account books relating to all Distributions contemplated and made under the Plan.

**5.2    Estate Actions**.

**5.2.1    Investigation and Pursuit**. The Litigation Trustee shall investigate, evaluate, and prosecute all Estate Actions, including but not limited to causes of action under chapter 5 of the Bankruptcy Code, against any Person; provided, however, the Litigation Trustee may decide not to prosecute any Estate Action that the Litigation Trustee reasonably believes would not be appreciably beneficial to the Trust.

**5.2.2    Compromise and Settlement**. The Litigation Trustee may compromise and settle

any Estate Action involving an amount in controversy of less than $250,000.00, without the necessity of Bankruptcy Court or Administrative Committee approval. Provided, however, that any compromise and settlement agreement regarding any Estate Action concerning a member of the Administrative Committee shall require either (a) the approval of a majority of the other disinterested members of the Administrative Committee, or (b) Bankruptcy Court approval.

## ARTICLE VI - ADMINISTRATION OF THE TRUST ESTATE

**6.1** **Establishment of Reserves and Payment of Creditor Claims**.

**6.1.1** **Reserve for Operating Expenses.** Before making any Distribution, the Litigation Trustee may fund an operating expense reserve with any available cash in an amount sufficient to pay the Litigation Trustee's reasonably estimated costs and expenses associated with the administration of this Trust.

**6.1.2** **Contested Claims Reserve for Beneficiaries**. Before any Distributions, the Litigation Trustee shall establish a Contested Claims reserve funded periodically with available cash in an amount sufficient to pay (i) all Allowed Claims of General Unsecured Creditors whose Distributions are unclaimed and (ii) all Contested Claims pending a determination of their entitlement to Distributions under this Trust Agreement. When a Contested Claim becomes an Allowed Claim, the Litigation Trustee shall release and distribute the funds reserved for the particular Contested Claim from the Contested Claim reserve. If the Bankruptcy Court disallows the Contested Claim, the funds and interest and proceed thereon attributable to the Contested Claim shall be part of the available cash or Trust Property, and shall be distributed in accordance with the Plan and this Trust Agreement.

**6.2** **Distributions to Beneficiaries.**

**6.2.1** **Distributions Generally.** Subject to establishing the reserves described above and any other limitations contained in this Trust Agreement, the Litigation Trustee shall make Distributions at any time the Litigation Trustee deems reasonable in the exercise of its good faith judgment and discretion.

**6.2.2** **Distributions to Beneficiaries.** A Beneficiary shall receive at the time of any Distribution the Beneficiary's Pro Rata Share of available cash based on the Beneficiary's Allowed Claim, until the Beneficiary's Allowed Claim is paid in full, without interest.

**6.3** **Place and Manner of Payments or Distributions**. The Litigation Trustee shall make Distributions to the Beneficiaries by mailing the Distribution to the Beneficiary at (a) the Beneficiary's last known address, or (b) the Beneficiary's address stated in its proof of claim, if any, or (c) as listed in the Schedules of Assets and Liabilities filed by Debtors, or (d) at such other address

as the Beneficiary shall have specified for payment purposes in a written notice to the Litigation Trustee. The Litigation Trustee may distribute any cash by wire, check, or such other method as the Litigation Trustee deems appropriate under the circumstances. Before receiving any Distributions, all Beneficiaries, at the Litigation Trustee's request, must provide to the Litigation Trustee written notification of their respective Federal Tax Identification Numbers or Social Security Numbers; otherwise, Litigation Trustee may suspend Distributions to any Beneficiary who has not provided its Federal Tax Identification Number or Social Security Number. If a Beneficiary does not provide the Litigation Trustee with its Federal Tax Identification Number or Social Security Number, as applicable, within six (6) months after written request is made (such written request being adequate if mailed by first class mail or any other manner deemed appropriate by the Litigation Trustee), such Beneficiary waives its right to any Distribution under the Plan.

**6.4** **Minimum Distributions**. To the extent a Distribution to a particular Beneficiary is less than $100.00, the Litigation Trustee may hold the Distribution until the final Distribution or until the aggregate of Distributions to the Beneficiary exceeds $100.00. If the final Distribution to a Beneficiary would be under $10.00, the Litigation Trustee is under no obligation to make the Distribution.

**6.5** **Unclaimed or Undelivered Distributions.**

**6.5.1** **Undeliverable Distributions.** If a Distribution to any Beneficiary is returned as undeliverable, the Litigation Trustee shall use reasonable efforts to determine the Beneficiary's then current address, and no further Distributions shall be made to the Beneficiary unless and until the Litigation Trustee is notified of the Beneficiary's then current address. If the Litigation Trustee is not notified in writing by the Beneficiary of such address change, such Beneficiary waives its right to any Distributions under the Plan.

**6.5.2** **Treatment of Unclaimed or Undeliverable Distributions.** If any Person entitled to Distributions cannot be located at the time of any Distribution, or if a Distribution is unclaimed for a period of 90 days after the distribution has been sent to the Beneficiary, then, subject to the provisions of this section, (i) the Person shall no longer be deemed to be a Beneficiary, and (ii) any Distribution otherwise payable to the Person shall be part of the Trust Property free and clear of any Claim to such property by or on behalf of the Person (who shall be deemed to have released such Claim), and shall be otherwise distributed as provided in this Agreement, with such adjustments as are required to take into account that such Person is no longer a Beneficiary.

**6.6** **Tax Matters.**

**6.6.1** **Certain Income Tax Matters.** The general purpose of the Trust established under this Trust Agreement is to provide a mechanism for the liquidation of the Trust Property, and to distribute the proceeds of the liquidation, net of all expenses, charges,

**TRUST AGREEMENT FOR THE REMARKABLE LITIGATION TRUST, PAGE 12**

Trust Agreement    Page 13 of 16

liabilities, and obligations of the Trust, to the Beneficiaries in accordance with the terms of the Plan and this Trust. The Trust will not conduct or engage in any trade or business activities, other than those associated with or related to the liquidation of the Trust Property and the Distributions to the Beneficiaries. During its existence, the Trust shall not receive or retain cash or cash equivalents in excess of a reasonable amount necessary to pay all Allowed Claims of the Beneficiaries, all expenses and all contingent liabilities (including those for Contested Claims). The Litigation Trustee shall use its continuing best efforts to dispose of the Trust Property, make timely Distributions, and shall not unduly prolong the duration of the Trust. The Litigation Trustee is authorized to take any action as may be necessary or appropriate to minimize any potential tax liability of the Trust and, thereafter, the Beneficiaries arising out of the operations of the Trust. The Litigation Trustee is directed to allocate all costs, charges, expenses, and deductions, in whole or in part, to income or principal at such time and in such a manner as the Litigation Trustee shall determine will reduce or eliminate the Trust's taxes, if any. The Litigation Trustee shall file in a timely manner all tax returns that are required by applicable law by virtue of the existence and operations of the Trust. The Trust shall distribute, at least annually, all Trust income and gain, cash (whether or not allocable to income or principal, including all capital gains allocable to principal), any other Trust Property the Litigation Trustee in its discretion determines is properly distributable (whether out of income or principal), and liquidation proceeds to the Beneficiaries, after payment of expenses and liabilities, less the Reserves and reasonable Reserves for expenses and other costs. Additionally, the Litigation Trustee shall, at least annually, provide to Beneficiaries such information that is appropriate or necessary to enable the Beneficiaries to determine their respective tax obligations, if any, arising out of the operations of the Trust. No Beneficiary shall have any claim to or with respect to any specific property held in trust and shall have no claim to or for a distribution of property in kind.

      **6.6.2** **<u>Withholding</u>**. The Litigation Trustee may withhold from the amount distributable at any time to any Beneficiary such amounts sufficient to pay any tax or other charge that have been or may be imposed on such Person with respect to the amount distributable or to be distributed under the income tax laws of the United States of America or of any state or political subdivision or entity by reason of any Distribution provided for under the Plan or this Trust Agreement, whenever such withholding is determined by the Litigation Trustee in its discretion to be required by any law, regulation, rule, ruling, directive or other governmental requirement. The Litigation Trustee, in the exercise of its discretion and judgment, may enter into agreements with taxing or other authorities for the payment of such amounts as may be withheld in accordance with the provisions of this section. Notwithstanding the foregoing but without prejudice to the Litigation Trustee's rights, such Person shall have the right with respect to the United States of America, or any state, or any political subdivision or either, to contest the imposition of any tax or other charge by reason of any Distribution under the Plan.

### ARTICLE VII: TERMINATION

**7.1** **Termination**. The Trust shall terminate on the earlier of (i) the date that is five (5) years after the date this Trust is created, or (ii) the distribution of all Trust Property, or (iii) the date on which the Litigation Trustee determines, with the approval of the Administrative Committee, that the purpose of the Trust have been substantially completed. Notwithstanding the foregoing, with Bankruptcy Court approval, the Litigation Trustee may extend the term of the Trust for one or more finite terms based on the particular facts and circumstances at that time, if it is in the best interest of the Beneficiaries and an extension is necessary to the purposes of the Trust. The Trust may not be terminated at any time by the Beneficiaries.

### ARTICLE VIII: MISCELLANEOUS PROVISIONS

**7.1** **Administrative Committee**.

**7.1.1** **Formation**. The Administrative Committee is established to consult with the Litigation Trustee regarding the Trust Property. The Administrative Committee shall only exist so long as there are at least two (2) creditors willing to serve. No compensation to the members of the Administrative Committee shall be paid by the Litigation Trustee; provided, however, that reasonable expenses of the Administrative Committee Members will be reimbursed by the Litigation Trustee from Trust Property. The Administrative Committee shall have standing as a party in interest to enforce the terms and provisions of this Agreement. The Administrative Committee members shall not be liable for any act done or omitted to be done as a member of the Administrative Committee while acting in good faith and the Trust shall indemnify and hold harmless each Administrative Committee member, and their respective agents, representatives, professionals, and employees, from and against and in respect of any and all liabilities, losses, damages, claims, costs and expenses, including, but not limited to attorneys' fees and costs arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Trust; provided, however, that no such indemnification will be made to such Persons for actions or omissions that constitute willful misconduct, gross negligence or fraud.

**7.1.2** **Governance**. A simple majority of the then current Administrative Committee members must be present to constitute a quorum to conduct business. A member of the Administrative Committee may vote by written proxy, and such proxy shall be counted for the purpose of establishing a quorum. The proxy shall specify the particular issue or issues to which it pertains or may be general in nature. Each member of the Administrative Committee shall have one (1) vote. Except as otherwise provided herein, every act or decision done or made by a majority of the Administrative Committee members at a duly held meeting at which a quorum is present shall constitute the act of the committee. Members shall not participate in and shall abstain from any vote with respect to any claim objection, litigation or other matter directly involving such member. In the event that any voting member abstains from voting, the requirement of a majority for Administrative Committee action shall be

reduced by one (1) vote for each member who abstains from voting.

**7.1.3** **Meetings**. Meetings may be called by any two (2) members of the Administrative Committee on at least seventy-two (72) hours advance notice by telephone or electronic mail to each committee member. The primary purpose for the special meeting shall be set forth in the notice.

**7.2** **Notices.** Except as stated otherwise herein, all notices, reports, or other communications required or permitted to be made under this Trust Agreement shall be in writing and shall be delivered by United States Mail, postage prepaid or by electronic mail. Notice mailed shall be effective on the date mailed. All other notices shall be effective on the date of delivery. Any Person may change the address for purposes of notices under this Trust Agreement by furnishing written notice to all other Persons identified above in this Article.

**7.3** **Amendment.** This Trust Agreement may be amended by (a) (i) the approval of the Litigation Trustee of such amendment, and (ii) the consent of a majority of the Administrative Committee, and (iii) the consent of a majority (determined by the amount of Allowed Claims) of the Beneficiaries, or (b) pursuant to an order entered by the Bankruptcy Court. This Trust Agreement may be amended by the Litigation Trustee without the approval of the Beneficiaries to correct typographical errors or if such amendment is not material, and in either case if such amendment does not adversely affect the interests of any Beneficiary, but such amendment shall not be effective until fifteen (15) days after the Beneficiaries shall have been given notice of such amendment.

**7.4** **Counterparts**. This Trust Agreement may be executed in one or more Counterparts, all of which shall be taken together to constitute one and the same instrument.

**7.5** **Governing Law; Severability**. This Trust Agreement shall be governed by, construed under, and interpreted in accordance with the laws of the State of Texas. If it shall be determined by a Court of competent jurisdiction that any provision of this Trust Agreement shall be invalid or unenforceable under applicable law, such invalidity or unenforceability shall not invalidate the entire Trust Agreement. In that case, this Trust Agreement shall be construed so as to limit any impermissible term or provision so as to make it enforceable or valid within the requirements of applicable law, and, if such term or provision cannot be so limited, this Trust Agreement shall be construed to omit such invalid or unenforceable provisions provided that such construction, to the maximum extent possible, shall give effect to the purposes of the Plan.

IN WITNESS WHEREOF, the parties hereto have executed this Trust Agreement or caused this Trust Agreement to be duly executed by their respective officers, duly authorized as of the day and year first above written.

_____
Remarkable Healthcare of Carrollton, LP

**TRUST AGREEMENT FOR THE REMARKABLE LITIGATION TRUST, PAGE 15**

_____
Remarkable Healthcare of Dallas, LP

_____
Remarkable Healthcare of Fort Worth, LP

_____
Remarkable Healthcare of Seguin, LP

_____
Remarkable Healthcare, LLC

### ACCEPTANCE OF APPOINTMENT

I hereby accept appointment as the initial Litigation Trustee under the terms of this Trust Agreement on this the ____ day of _____, 2019.

_____

Litigation Trust Agreement Draftv.3 5.15.2019 – MC Edits

**TRUST AGREEMENT FOR THE REMARKABLE LITIGATION TRUST, PAGE 16**