

05/16/2019

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **REMARKABLE HEALTHCARE OF** | § | Case No. 18-40295 |
| **CARROLLTON, LP,** *et al.*,[1] | § | (Jointly Administered) |
| | § | |
| DEBTORS. | § | |

### ORDER CONFIRMING DEBTORS'
### JOINT CHAPTER 11 PLAN OF REORGANIZATION

On May 13, 2019, the Court conducted a hearing to consider confirmation of Remarkable Healthcare of Carrollton, LP ("RHC"), Remarkable Healthcare of Dallas, LP ("RHD"), Remarkable Healthcare of Fort Worth, LP ("RHFW"), Remarkable Healthcare of Seguin ("RHS"), and Remarkable Healthcare, LLC ("RHLLC") (collectively, "Remarkable" or the "Debtors") Joint Chapter 11 Plan of Reorganization dated March 29, 2019, as modified May 13, 2019 (the "Plan").[2] After considering the evidence presented by the Debtors, and after reviewing the Plan, as may have been modified on the record at the hearing, and other pleadings on file and the settlements read into the record (as detailed herein), the Court, pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure, stated orally and recorded in open court its findings of fact and conclusions of law, as supplemented below. Based upon such findings of fact and conclusions of law, which are incorporated herein by reference, the Court finds and concludes that this Order has merit and the Plan should be confirmed

---

[1] The Debtors in these jointly-administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth, LP (1650), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

[2] Defined terms not otherwise defined in this Order shall have the meaning within the Plan.

---

**ORDER CONFIRMING DEBTORS' JOINT**
**CHAPTER 11 PLAN OF REORGANIZATION**                                                PAGE 1

in accordance with section 1129 of Title 11 of the U.S. Code (the "Bankruptcy Code"). NOW, THEREFORE, after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following findings of fact, conclusions of law, and order:

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Sufficient and proper notice of the Plan, the hearing to consider confirmation thereof, and the deadlines for voting and filing and serving objections to the Plan was appropriately and timely provided by the Debtors to all known holders of Claims and Interests. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L).

2. This matter arises under title 11, and jurisdiction and authority are vested in this Court to enter a final order by virtue of 28 U.S.C. § 1334(a) and (b), 28 U.S.C. §§ 151, 157(a) and (b)(1) and the Standing Order of Reference in this District. These findings of fact and conclusions of law are being entered under Bankruptcy Rules 7052 and 9014.

3. With the exception of the Objection to Confirmation of Chapter 11 Plan filed by Pharmscript, LLC, Docket No. 332, which objection was resolved at the hearing and whose terms and conditions were read into the record and which settlement terms will be incorporated herein by reference (the "Pharmscript Settlement"), all objections to the Plan have been withdrawn or resolved by inclusion of language either in the Plan or this Order.

4. Except as expressly noted otherwise herein, all motions and requests for relief under the Plan and all terms and conditions set forth in the Plan, including, without limitation, the assumptions, rejections, discharges, releases, injunctions, and exculpation provisions contained in the Plan or set forth herein, and the treatment afforded to each Plan Class are approved, regardless of whether such Plan provisions are expressly restated herein.

5. The Plan complies with all of the applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) thereof.

6. The Debtors were legally entitled to invoke the protections of the Bankruptcy Code and filed their cases in good faith. The Debtors, as proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) thereof.

7. As required by sections 1122 and 1123, the Plan:

   a. designates appropriately, in conformance with section 1122 of the Bankruptcy Code, Classes of Claims and Interests, except Claims of a kind specified in sections 507(a)(2), 507(a)(3), and 507(a)(8) of the Bankruptcy Code;

   b. specifies every Class of Claims or Interests that is not impaired under the Plan;

   c. specifies the treatment of any Class of Claims or Interests that is impaired under the Plan;

   d. provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest;

   e. provides adequate means for the Plan's implementation; and

   f. contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer or director under the Plan and any successor to such officer or director.

8. Regarding the Debtors' Motion to Sell Equity, the Debtors received one competing bid for new equity in the Reorganized Debtors under the proposed Plan; however, the Debtors took the position that such bid was not a complying bid and lacked funding, and such bid was ultimately withdrawn prior to confirmation.

9. Per section 1127(a), the Plan as modified on May 13, 2019 has become the Plan for confirmation.  No re-solicitation is required because the Plan modifications were not material and did not impact or impair the claims or treatment of any other claims. The modifications merely

conformed the Plan's treatment of **Comerica Bank**'s Claims so they were in accordance with the treatment described in the Debtors' solicited Disclosure Statement, or otherwise fall within the parameters of the existing Plan and merely provide some clarifications of structure and implementation. To resolve an objection filed by **Montgomery Capital Partners I, LP** ("MCP"), the Debtors and Laurie Beth McPike and Jon McPike have agreed to supplement section 4.3 of the Plan, as set forth in the Order below.

10.   The Plan has been proposed in good faith and not by any means forbidden by law as required by section 1129(a)(3) of the Bankruptcy Code, and the Debtors, and their officers, directors, members, employees, professionals, and Representatives and agents are entitled to the benefits of section 1125(e) of the Bankruptcy Code.

11.   Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, have been or will be disclosed and have been or will be approved by the Court as reasonable under the terms of the Plan to the extent required by the Plan and section 1129(a)(4) of the Bankruptcy Code.

12.   The Debtors have disclosed the identity and affiliations of the individuals who will serve, after confirmation of the Plan, as directors, officers, and/or managers of the Debtors. The continuance or appointment of such individuals to such offices is consistent with the interests of holders of Claims and Interests and with public policy. The Debtors have disclosed the identity of any insider that will be employed or retained by the Debtors and, to the extent so identified, the nature of any compensation for such insider, all as required by section 1129(a)(5).

13.   The provisions required under section 1129(a)(6) of the Bankruptcy Code are not applicable to the Debtors or the Plan.

14. Each non-accepting holder of a Claim or equity Interest, if any, of each Plan Class will receive or retain under the Plan, on account of such Claim or equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date, all as required by section 1129(a)(7)(A) thereof.

15. The votes with respect to the Plan were set forth in the various confirmation exhibits and are incorporated and adopted herein by reference.

16. With respect to Remarkable Healthcare of Carrollton, LP, Class 2 Secured Non-Tax Claims of Comerica Bank, Class 3 Secured Non-Tax Claims of Montgomery Capital Partners I, LP, Class 5 Secured Non-Tax Claim of Mustang NH, LLC, and Class 9 General Equity Interests were impaired and voted in favor of the Plan. Class 6 Priority Non-Tax Unsecured Claims was deemed to vote in favor of the Plan.

17. With respect to Remarkable Healthcare of Dallas, LP, Class 1 Secured Non-Tax Claims of Comerica Bank, Class 2 Secured Non-Tax Claims of Montgomery Capital Partners I, LP, Class 3 Secured Non-Tax Claim of GMP Dallas, NH, Ltd, Class 4 Secured Non-Tax Claim of PeopleFund, and Class 8 General Equity Interests were impaired and voted in favor of the Plan. Class 5 Priority Non-Tax Unsecured Claims was deemed to vote in favor of the Plan.

18. With respect to Remarkable Healthcare of Fort Worth, LP, Class 2 Secured Non-Tax Claims of Comerica Bank, Class 3 Secured Non-Tax Claims of Montgomery Capital Partners I, LP, Class 4 Secured Non-Tax Claim WAG Development, Ltd, Class 5 Secured Non-Tax Claim of PeopleFund, and Class 9 General Equity Interest were impaired and voted in favor of the Plan. Class 6 Priority Non-Tax Unsecured Claims was deemed to vote in favor of the Plan.

19. With respect to Remarkable Healthcare of Seguin, LP, Class 1 Secured Non-Tax Claims of Comerica Bank, Class 2 Secured Non-Tax Claims of Montgomery Capital Partners I, LP, Class 3 Secured Non-Tax Claim of Guadalupe NH Development, Ltd, Class 4 Secured Non-Tax Claim of PeopleFund, and Class 8 General Equity Interests were impaired and voted in favor of the Plan. Class 5 Priority Non-Tax Unsecured Claims was deemed to vote in favor of the Plan.

20. With respect to Remarkable Healthcare, LLC, Class 1 Secured Non-Tax Claims of Comerica Bank, Class 2 Secured Non-Tax Claims of Montgomery Capital Partners I, LP, Class 3 Secured Non-Tax Claim of Mustang NH, LLC, Class 4 Secured Non-Tax Claim of PeopleFund, and Class 8 General Equity Interests were impaired and voted in favor of the Plan. Class 5 Priority Non-Tax Unsecured Claims was deemed to vote in favor of the Plan.

21. At least one class of impaired creditors for each Debtor voted in favor of the Plan; in fact, most classes of impaired creditors for each Debtor voted in favor of the Plan. The Court finds, determines, and concludes that, as set forth herein, the Plan complies with all applicable requirements of section 1129(a) and (b), does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims and Interests that is impaired under, and has not accepted, the Plan, and is confirmed under section 1129(b)(1).

22. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, and except to the extent that such Claims have been previously paid pursuant to a prior order of this Court, and noting that any objections to the Plan on the treatment set forth therein have been withdrawn, settled, as in the case of Pharmscript, LLC, or overruled, the Plan provides, as required by section 1129(a)(9) of the Bankruptcy Code, for proper treatment of all Claims of a kind specified in section 507(a) of the Bankruptcy Code. The Plan's definition

of "Administrative Expense" is hereby modified to refer to section 507(a)(2) rather than section 507(a)(1).

23. The Plan has satisfied the requirements of section 1129(a)(10) of the Bankruptcy Code.

24. The Court finds that the Plan is feasible. Confirmation and consummation of the Plan is not likely to be followed by a subsequent liquidation, or the need for further financial reorganization, of the Debtors or any successor of the Debtors under the Plan. Accordingly, the Plan complies with section 1129(a)(11) of the Bankruptcy Code. The structure of the Plan and mechanisms for implementation of the Plan are reasonable and appropriate.

25. All fees payable to date under 28 U.S.C. § 1930 have been paid as required by section 1129(a)(12) of the Bankruptcy Code.

26. Sections 1129(a)(13)-(15) of the Bankruptcy Code do not apply to the Debtors or the Plan, and the Plan otherwise comports with section 1129(a)(16) of the Bankruptcy Code regarding transfer of property from Debtors to Reorganized Debtors.

## II. ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

27. The Plan is **CONFIRMED** in its entirety.

28. This Confirmation Order approves the Plan Supplement, including the documents contained therein that may be amended through and including the Effective Date in accordance with and as permitted by the Plan. The terms of the Plan, the Plan Supplement, and the exhibits thereto are incorporated herein by reference and are an integral part of this Confirmation Order; *provided*, *however*, that if there is any direct conflict between the terms of the Plan and the terms

of this Confirmation Order, the terms of this Confirmation Order shall control solely to the extent of such conflict.

29. All Holders of Claims and Interests that voted to accept the Plan are conclusively presumed to have accepted the Plan as modified.

30. The findings of fact and the conclusions of law set forth in this Confirmation Order constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to Confirmation, including the Confirmation Ruling, are hereby incorporated into this Confirmation Order. To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such. To the extent any finding of fact or conclusion of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of this Court, it is adopted as such.

31. The Debtors' Motion to Sell Equity is approved as set forth in the Disclosure Statement and Plan.

32. The Debtors' Motion to Obtain Exit Financing is approved as set forth in the Disclosure Statement and Plan, and the Debtors are authorized to take all actions to effectuate the financing proposed by the proposed lender for the Reorganized Debtors, Alleon Capital Partners, LLC, d/b/a Alleon Healthcare Capital ("Alleon"). Notwithstanding the discharge language below, the liens and UCC-1 Financing Statements of Comerica Bank shall not be released but, rather, shall be assigned to Alleon as security for Alleon's new financing for the Plan. Comerica Bank's undisputed first liens are assigned to Alleon to the same extent, priority, and validity as existed on the Petition Date.

33. Section 4.3 of the Plan, is hereby modified to add: "Nothing contained in this Plan, including section 14.4, shall impair or prevent MCP from pursuing or exercising its rights under federal or state law against non-debtor parties in connection with debts owed to MCA under any agreements with MCP."

34. Laurie Beth McPike and Jon McPike, both of whom serve as officers of the Debtors, retain and are granted all authority to authorize any and all transactions and execute any and all documents on behalf of the Reorganized Debtors, including to effectuate the Plan.

35. Without in any way limiting the scope of this Order or the Plan, and, except as otherwise provided in this Order or the Plan, this Order constitutes a discharge, injunction, and/or release as set forth below:

> A. **Discharge.** Except as otherwise expressly provided in the Plan, the Pharmscript Settlement or this Order: (1) the rights and treatment afforded in the Plan shall discharge all existing security interests, liens, debts and Claims of any kind, nature, or description whatsoever against the Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code; (2) upon the Effective Date, all existing Claims and Liens against the Debtors shall be, and shall be deemed to be, discharged and released, and all holders of Claims shall be precluded from asserting against the Debtors, or any of their assets or properties, any other or further Claim based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder filed a proof of Claim; (3) nothing herein shall be construed to be a discharge of, accord and satisfaction of, novation of, or release of any Claim that any creditor has asserted or may hereafter possess against any guarantor or other non-Debtor party to satisfy any Claim owed by the Debtors. Moreover, nothing herein shall prohibit any creditor from (i) continuing to pursue / prosecute any claim(s) or cause(s) of action that it is currently pursuing or prosecuting, or (ii) asserting any claim(s) or cause of action(s) that it currently possesses and/or may possess in the future to satisfy any creditor's Claim(s) against any guarantor or non-Debtor party; and (4) confirmation of the Plan and the obligations imposed on the Debtors and/or the Reorganized Debtors herein shall be in complete satisfaction, discharge and release of all Claims and Liens of any nature whatsoever against the Debtors and/or the Reorganized Debtors or any of their assets or properties; and, upon the Effective Date, the Debtors shall be deemed discharged, and released from any and all Claims and Liens, including but not limited to demands and liabilities that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code that arose before the Effective Date, whether or not (a) a proof of Claim based upon

such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, or (c) the holder of a Claim based upon such debt has accepted the Plan. Except as provided herein, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtors. Except as provided herein, pursuant to Section 524 of the Bankruptcy Code, the discharge provided herein shall void any judgment against the Debtors at any time obtained, to the extent it relates to a Claim or Lien discharged or released and operates as an injunction against the prosecution of any action against the Debtors, or their property, to the extent it relates to a Claim or Lien discharged or released. The discharge granted herein shall not discharge the Reorganized Debtors from their obligations under the Plan.

B. **Lawsuits.** Except as otherwise expressly provided in the Plan, the Pharmscript Settlement or this Order, entry of the Confirmation Order, all lawsuits, litigation, administrative, police, or regulatory actions, or other proceedings, judicial or administrative, in connection with the assertion of a Claim or Lien against the Debtors or property of the Debtors' estate shall be subject to the discharge and any other injunctions set forth in the Bankruptcy Code or the Court's Confirmation Order. Such discharge injunctions shall be with prejudice to the assertion of such Claim or Lien in any manner other than as prescribed by the Plan. All parties to any such action shall be enjoined by the Bankruptcy Court in the Confirmation Order from taking any action in violation of the Bankruptcy Code or the Confirmation Order. All Estate Actions lawsuits, litigation, administrative, police, or regulatory actions, or any other proceedings, judicial or administrative, in connection with the assertion of any Claims by the Debtors shall become property for the Unsecured Creditors Litigation Trust a/k/a the "Remarkable Litigation Trust" to prosecute, settle, or dismiss as the trustee(s) of such trust see fit, subject to the express terms of the Plan and the Unsecured Creditors Litigation Trust.

36. Except as otherwise set forth expressly herein, the Pharmscript Settlement or in the Plan, pursuant to the Plan and sections 105(a) and 1123(a)(5)(B) of the Bankruptcy Code, the transfer and vesting of property of the Debtors' estates (collectively, the "Estate Assets") to the Reorganized Debtors is authorized and approved, and the Reorganized Debtors are authorized, empowered, and ordered to receive all rights, titles, and interests in and to the Estate Assets free and clear of all Liens, Claims, Interests, encumbrances, and charges of the creditors and holders of equity security Interests of the Debtors and in accordance with the terms and conditions of the Plan.

37. The Reorganized Debtors are authorized and empowered to take such actions and do all things and to incur all reasonable costs and expenses as may be necessary and required to implement and effectuate the Plan and the transfer to the Reorganized Debtors of the Estate Assets, including authority to issue, execute, deliver, file, and record, as appropriate, any instrument, or perform any act necessary to implement, effectuate, or consummate the Plan or this Order, and to perform such other acts and execute and deliver such other documents as are required by, consistent with and necessary or appropriate to implement, effectuate, or consummate the Plan and this Order and the transactions contemplated thereby and hereby, all without the requirement of further application to, or order of, the Court or further action by the Debtors or the Reorganized Debtors.

38. In accordance with section 1141 of the Bankruptcy Code, (i) the Plan and each of its provisions, (ii) all documents executed in connection with and pursuant to the terms of the Plan, and (iii) this Order shall be binding upon the Debtors, upon each person or entity acquiring or receiving property under the Plan, upon each lessor or lessee of property to or from the Debtors, upon each holder of a Claim or Lien against, or equity security Interest in, the Debtors, whether or not the Claim, Lien, or Interest of such creditor or Interest holder is impaired under the Plan and whether or not such creditor or equity Interest holder has filed, or is deemed to have filed, a proof of Claim or equity Interest, and upon each party to the Bankruptcy Cases, and irrespective of whether such provision of the Plan is specifically mentioned or otherwise referred to in this Order.

39. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan, and all other instruments and other documents executed and delivered pursuant to the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law, rule, or regulation relating to financial condition.

40. The Debtors and the Reorganized Debtors shall have the right, to the full extent permitted by section 1142 of the Bankruptcy Code, to apply to this Court for an order, notwithstanding any otherwise applicable non-bankruptcy law, rule, or regulation relating to financial condition, directing any appropriate entity to execute and deliver any instrument or perform any other act necessary to implement the Plan or the provisions of this Order.

41. Upon the Effective Date, the Estate Actions shall be deemed assigned to the Unsecured Creditors Litigation Trust for preservation, prosecution, and/or settlement as the trustee(s) of such trust deem appropriate in conformance with the Plan and the Unsecured Creditors Litigation Trust Agreement, a copy of which has been filed of record prior to entry of this Order (the "Unsecured Creditors Litigation Trust Agreement"). The assessments and opinions of the Debtors set forth in the Disclosure Statement, including any statements regarding the value or merits of any Estate Action or the applicability of any defense to an Estate Action, and do not and shall not impair, limit, estop, prejudice or prevent the assertion or prosecution of any Estate Action by the Unsecured Creditors Litigation Trust Agreement. The Unsecured Creditors Litigation Trust, and not the Reorganized Debtors, shall be responsible for (a) reimbursing the Reorganized Debtors a reasonable fee under their ordinary hourly rates under their tiered consulting structure for collection and production of any documents, information, or reports reasonably requested for prosecution of the Estate Actions (any unresolved disputes on the amount of such fees shall be determined by the Bankruptcy Court), and (b) making distributions to Unsecured Creditors of any Net Proceeds from pursuit or settlement of Estate Actions. Other than the Estate Actions which shall be pursued or settled by the Unsecured Creditors Litigation Trust, the Reorganized Debtors shall retain and may demand, enforce, and litigate any and all postpetition Claims, rights, and causes of action that the Debtors or their estates may hold against any person or entity, including,

without limitation, (i) any and all Claims, rights, or causes of action arising under any provisions of state or federal law, or any other statute or legal theory, and (ii) any and all Claims arising by statute or at law or equity against any current or former officer, director, shareholder, agent, Representative, or employee of the Debtors. No Claims of the Debtors and no Estate Action against any person or entity shall be discharged, released, or compromised pursuant to the Plan or this Order and all other instruments and documents executed and delivered pursuant to the Plan unless expressly stated otherwise herein.

42. The Debtors' rejection of any executory Contracts listed for rejection within the Plan is approved pursuant to section 365 of the Bankruptcy Code and is done with proper exercise of the Debtors' business judgment and is in the best interests of the estates. Any Claims arising out of the rejection of executory Contracts under the Plan must be filed with the Court and served upon the Debtors no later than thirty (30) days after the Effective Date; provided, however, that this provision shall not serve to extend any deadline previously established by the Bankruptcy Court for filing Claims arising from rejection of an executory Contract or other Claim. Any Claims not filed within such time shall be and are forever barred and will not receive any distributions under the Plan. Claims arising from the rejection of an executory Contract shall be treated, to the extent Allowed, as Class General Unsecured Claims.

43. The Debtors' assumption of any executory Contracts listed for assumption within the Plan and Plan supplement (Docket 330-3) is approved pursuant to section 365 of the Bankruptcy Code and is done with proper exercise of the Debtors' business judgment and is in the best interests of the estates. Confirmation of the Plan by this Order shall be deemed (i) adequate assurance of prompt cure of any default under such Contracts solely based upon the Reorganized

Debtors' obligations in the Plan to make the Cure Payments, if any, and (ii) adequate assurance of future performance under such Contracts.

44. The Debtors are hereby authorized to issue new partnership interests or membership interests in the Reorganized Debtors as may be reasonably required to effectuate the Plan, as a proper exercise of the Debtors' business judgment.

45. Except as otherwise provided for in the Pharmscript Settlement, all requests for payment of Administrative Expenses, other than (a) Fee Claims as set forth in this paragraph or (b) Administrative Expenses to the extent incurred by the Debtors in the ordinary course of business, shall be filed with the Bankruptcy Court and served upon the Debtors and other notice parties within thirty (30) days following the Effective Date or by such earlier deadline as may apply to such Administrative Claim pursuant to an earlier order of the Court, if any.  All requests for Fee Claims of Professional Persons shall be filed with the Bankruptcy Court and served upon the Debtors and other notice parties within sixty (60) days following the Effective Date.  Except as provided herein or in the Plan, any Administrative Claim or Professional Fee Claim for which an application or request for payment is not filed within such time period shall be discharged and forever barred.

46. Except for those obligations of the Unsecured Creditors Litigation Trust set forth in the Plan, all other obligations of the Debtors under the Plan to holders of Claims shall be the obligations of the Reorganized Debtors.  The Reorganized Debtors and Unsecured Creditors Litigation Trust shall be liable to make all payments, and are authorized to take all actions, required or contemplated by the Plan.

47. After the Confirmation Date, the Debtors or the Reorganized Debtors, as the case may be, may, subject to Court approval and so long as it does not materially or adversely affect

the rights set forth in the Plan of creditors and other parties-in-interest, amend or modify the Plan and related documents to remedy any defect or omission or reconcile any inconsistencies in such documents or in this Order, in such manner that may be necessary to carry out the purposes and intent of the Plan.

48.     **No Effect on Governmental Regulatory Authority.**  Notwithstanding anything in the Plan or this Order to the contrary, nothing in the Plan or this Order or related documents discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors or Reorganized Debtors.  Nor shall anything in the Plan or this Order enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.

49.     Further, nothing in the Plan or this Order or related documents authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.  Nothing in the Plan or this Order shall relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit.  Nothing in the Plan or this Order shall affect any setoff or recoupment rights of any Governmental Unit.  Nothing in the Plan or this Order divests any tribunal of any jurisdiction it may have under police or regulatory

law to interpret the Plan or this Order or to adjudicate any defense asserted under the Plan or this Order.

50. **Tarrant County** asserts an administrative expense claim for year 2019 ad valorem business personal property taxes. Tarrant County shall receive payment of its claim in the ordinary course of business prior to the state law delinquency date. Notwithstanding any other provision in the plan or this order, Tarrant County shall retain the liens that secure all amounts ultimately owed for tax year 2019 along with the state law senior priority of those liens. Notwithstanding any other provision in the plan or this order, Tarrant County shall retain the state law senior priority afforded the liens that secure all amounts ultimately owed for all subsequent tax years.

51. This Order shall be effective according to its terms upon the entry hereof. This Order is a final Order immediately subject to appeal.

52. The provisions of Rules 4001(a)(3), 6004(h), 6006(d), and 7062 of the Federal Rules of Bankruptcy Procedure, to the extent they might apply to stay any action authorized or directed by this Order, and any other rule that would otherwise stay the implementation or effectiveness of this Order and/or any related judgment are hereby deemed inapplicable or waived so that implementation and funding of the Plan and payment to creditors may commence immediately upon entry of this Order.

53. The Court shall retain full jurisdiction of this Bankruptcy Case until entry of a Final Decree, at which time the Court shall retain jurisdiction over this Bankruptcy Case as permitted by law and the Plan.

54. In the event and to the extent that any provision of this Order conflicts with any provision of the Plan, the provisions of this Order shall control.

___

55. Pursuant to Bankruptcy Rule 3020(c), the Debtors shall, within two (2) business days after the entry of this Order, serve notice of the entry of this Order as provided in Bankruptcy Rule 2002(f) to all persons and entities required in Rules 2002 and 3020(c)(2) of the Federal Rules of Bankruptcy Procedure.

56. The Reorganized Debtors shall file and serve on all parties set forth in the foregoing paragraph a Notice of Effective Date, with deadlines for filing and serving rejection claims and administrative claims clearly indicated, no later than two (2) Business Days after the occurrence of the Effective Date.

Signed on 5/16/2019

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE