# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REMARKABLE HEALTHCARE OF | § | Chapter 11 |
| CARROLLTON, LP et al.[1], | § | Case No. 18-40295 |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| LARRY A. LEVICK, LITIGATION | § | |
| TRUSTEE OF THE UNSECURED | § | |
| CREDITORS' LITIGATION TRUST | § | |
| (A/K/A THE REMARKABLE LITIGATION | § | |
| TRUST), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY No. _____ |
| | § | |
| MONTGOMERY CAPITAL ADVISERS, | § | |
| LLC, and MONTGOMERY CAPITAL | § | |
| PARTNERS I, LP | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT TO AVOID
## PREFERENTIAL TRANSFERS AND/OR FRAUDULENT TRANSFERS
## AND TO DISALLOW CLAIMS

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Larry A. Levick, Litigation Trustee of the Unsecured Creditors' Litigation Trust (a/k/a the Remarkable Litigation Trust)(the "**Trustee**") pursuant to the Chapter 11 Plan of Reorganization of Remarkable Healthcare of Carrollton, LP, and files this, his *Complaint to Avoid*

---

[1] The Debtors in these jointly-administered chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Remarkable Healthcare of Carrollton, LP (5960), Remarkable Healthcare of Dallas, LP (3418), Remarkable Healthcare of Fort Worth, LP (1650), Remarkable Healthcare of Seguin, LP (4566), and Remarkable Healthcare, LLC (5142).

COMPLAINT TO AVOID PREFERENTIAL AND/OR FRAUDULENT TRANSFERS AND TO DISALLOW
CLAIMS                                                                          Page 1

*Preferential and/or Fraudulent Transfers and to Disallow Claims* and, in support of same, would respectfully show the Court as follows:

## I. JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 502, 544, 547, 548 and 550. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), (F), (H) and (O).

## II. PROCEDURAL BACKGROUND

2. On February 12, 2018 (the "Petition Date"), Remarkable Healthcare of Carrollton, LP and the related affiliates (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code commencing the above-captioned cases (the "Chapter 11 Cases").

3. On May 15, 2019 the Debtors filed their Chapter 11 Plan of Reorganization as Modified May 13, 2019 (the "**Plan**") [**Dkt.355**], which formed the Unsecured Creditors' Litigation Trust (a/k/a the Remarkable Litigation Trust)(the "**Trust**"). The Order confirming the Modified Plan was entered on May 16, 2019 [**Dkt.359**].

4. The Plan went effective on June 12, 2019, according to the *Notice of Effective Date* (the "**Effective Date**") [**Dkt.373**] filed on June 13, 2019.

5. Upon the Effective Date, the Trustee was authorized under the Plan and the Trust to, among other things, prosecute any Estate Actions including but not limited to actions arising under Chapter 5 of the Bankruptcy Code.

### III. PARTIES

6. Larry A. Levick, Trustee, is the Plaintiff in this adversary proceeding.

7. Montgomery Capital Advisers, LLC ("**MCA**") is party-in-interest and a a Defendant in this adversary proceeding.

8. Montgomery Capital Partners I, LP, ("**MCP**") is a party-in-interest and a Defendant in this adversary proceeding.

9. Both MCA and MCP are referred to as "Defendant."

### IV. BACKGROUND

10. Additionally, prior to the Petition Date, Debtor Remarkable Healthcare LLC, made payments or transfers to Defendant during the Preference Period including, but not limited to, payments or transfers totaling no less than $696,022.28 ("**RHLLC Transfers**"). Specifically, Remarkable Healthcare, LLC made the following transfers to Defendant:

| Date | Amount |
| --- | --- |
| 01/18/2018 | $ 3,000.00 |
| 01/31/2018 | $ 32,090.76 |
| 11/20/2017 | $ 3,000.00 |
| 11/30/2017 | $ 32,090.76 |
| 12/29/2017 | $ 32,090.76 |
| 11/17/2017 | $ 154,5000.00 |
| 11/30/2017 | $ 149,350.00 |
| 12/18/2017 | $ 144,200.00 |
| 12/28/2017 | $ 145,700.00 |

11. Any and all transfers made to the Defendant or on its behalf during the Preference Period, including but not limited to the RHLLC Transfers, are collectively referred to as the "**90-Day Transfers.**"

## V. COUNT ONE
## PREFERENCE – 11 U.S.C. § 547

12. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

13. As to the Defendant, and for each of the 90-Day Transfers to said Defendant, the 90-Day Transfers were transfers of property of the Debtor that made the transfer.

14. As to the Defendant, and for each of the 90-Day Transfers to said Defendant, the 90-Day Transfers were made to or for the benefit of the creditor of the Debtor that made the transfer.

15. As to the Defendant, and for each of the 90-Day Transfers to said Defendant, the 90-Day Transfers were made by the Debtor that made the transfer for or on account of an antecedent debt owed by the Debtor that made the transfer to the creditor before the 90-Day Transfers were made.

16. As to the Defendant, and for each of the 90-Day Transfers to said Defendant, the 90-Day Transfers were made on or within ninety (90) days before the Debtor filed bankruptcy or between ninety days and one year before the date of the filing of the Petition if such creditor at the time of such transfer was an insider.

17. As to the Defendant, and for each of the 90-Day Transfers to said Defendant, at the time the 90-Day Transfers were made, Debtor that made the transfer was insolvent.

18. As to the Defendant, and for each of the 90-Day Transfers to said Defendant, the 90-Day Transfers enabled the Defendant to receive more than it would have received under Chapter 7 of the Bankruptcy Code if the payment had not been made, and if the Defendant had received payment as provided under the Bankruptcy Code.

19. By reason of the foregoing, the Trustee sues to avoid all 90-Day Transfers to the Defendant pursuant to 11 U.S.C. §§ 547 and 550.

## VI. COUNT TWO
## FRAUDULENT TRANSFER—11 U.S.C. § 548

20. Plaintiff reincorporates the allegations contained in paragraphs 1 through 19 of the Complaint.

21. Alternatively, the transfers, the transfers that were made or the obligations incurred by the Debtor that made such transfers—including but not limited to the 90-Day Transfers plus all other transfers made or obligations incurred within two years of the date of the petition ("**Two-Year Transfers**")—were made or incurred with actual intent to hinder, delay, or defraud entities to which the Debtor that made such transfer was or became, on or after the date that Two-Year Transfers were made or such obligations incurred, indebted.

22. Alternatively, the Debtor that made the transfers received less than a reasonably equivalent value in exchange for such Two-Year Transfers made or such obligations incurred; and

(a) the Debtor that made such Two-Year Transfers was insolvent on the date that such Two-Year Transfers were made, or such obligations incurred, or became insolvent as a result of such Two-Year Transfers or obligations,

(b) the Debtor that made such Two-Year Transfers was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor that made such Two-Year Transfer was an unreasonably small capital, or

(c) such Debtor intended to incur, or believed that such Debtor would incur, debts that would be beyond that Debtor's ability to pay as such debts matured.

23. By reason of the foregoing, the Trustee sues to avoid all Two-Year Transfers made to Defendant or obligations incurred, and to recover the Two-Year Transfers or the value thereof from the Defendant pursuant to 11 U.S.C. §§ 548 and 550.

### VII. COUNT THREE – FRAUDULENT TRANSFER – 11 U.S.C. § 544

24. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

25. Alternatively, pursuant to Texas Business and Commerce Code 24.001 *et seq*. made applicable by 11 U.S.C. § 544(b)(1), the transfers that were made or the obligations incurred by the Debtor that made such transfers—including but not limited to the 90-Day Transfers plus all other transfers made or obligations incurred within four years of the date of the petition ("**Four-Year Transfers**")—were made or incurred with actual intent to hinder, delay, or defraud entities to which the Debtor that made such transfer was or became, on or after the date that Four-Year Transfers were made or such obligations incurred, indebted.

26. Alternatively, the Debtor that made such Four-Year Transfers received less than a reasonably equivalent value in exchange for such Four-Year Transfers made or such obligations incurred; and

(a) the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or

(b) the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts became due.

27. Alternatively, for each Four-Year Transfer made or obligation incurred by the Debtor, the Debtor made the Four-Year Transfers or incurred the obligation

(a) without receiving a reasonably equivalent value in exchange for the Four-Year Transfers or obligation, and the Debtor was insolvent at that time or the Debtor became insolvent as a result of the Four-Year Transfers or obligation; or

(b) to an insider for an antecedent debt at a time when the Debtor was insolvent, and the insider had reasonable cause to believe that the Debtor was insolvent.

28. By reason of the foregoing, the Trustee sues to avoid all the Four-Year Transfers made to the Defendant or obligations incurred, and to recover the Four-Year Transfers or the value thereof from the Defendant pursuant to 11 U.S.C. §§ 544 and 550 plus his attorneys' fees thereto.

## VIII. COUNT FOUR
## RECOVER AVOIDED TRANSFERS UNDER 11 U.S.C. § 550(a)

29. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

30. The 90-Day Transfers, the Two-Year Transfers, and the Four-Year Transfers together are referred to as the "**Transfers**."

31. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

32. Plaintiff is entitled to recover from Defendant the Transfers pursuant to Section 550(a) of the Bankruptcy Code, to the extent they are avoided pursuant to Section 544, 547, and 548 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

## IX. COUNT FIVE
### DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(D)

33. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

34. On June 12, 2018, Defendant Montgomery Capital Partners I, LP filed two secured claims in each of the Debtors' bankruptcy cases in the amounts of $355,523.88 and $140,062.50 which were designated respectively as Claims No. 32 and No. 33 in the Remarkable Healthcare Fort Worth, LP case; Claims No. 24 and No. 25 in the Remarkable Healthcare Carrollton, LP case; Claims No. 24 and No. 25 in the Remarkable Healthcare Dallas, LP case; Claims No. 30 and No. 31 in the Remarkable Healthcare Seguin, LP case; and Claims No. 13 and No. 14 in the Remarkable Healthcare, LLC case (the "**Claims**").

35. By reason of the facts alleged in this Complaint, pursuant to section 502(d) of the Bankruptcy Code, all Claims filed by or scheduled for the Defendants, their affiliates, or their related entities must be disallowed unless they have turned over to the Trustee the property transferred, or paid to the Trustee the value of such property for which it is liable to the Trustee, under section 550 of the Bankruptcy Code.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Larry A. Levick, Litigation Trustee for the Unsecured Creditors' Litigation Trust, respectfully prays that this Court:

(a) avoid the Transfers described in this Complaint pursuant to Sections 547, 548, and/or 544 of the Bankruptcy Code;

(b) direct Defendant Montgomery Capital Advisers, LLC or its successors to return to Plaintiff the amount of the Transfers, plus interest from the date of demand at the maximum legal

rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

(c) enter judgment in favor of Plaintiff and against the Defendant, in an amount equal to the sum of the Transfers, plus pre-judgment and post-judgment interest for each payment, costs of court and attorneys' fees;

(d) disallow the filed and scheduled claims of Defendant Montgomery Capital Partners I, LP; and

(e) grant Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted,

SINGER & LEVICK, P.C.

By:  /s/ Michelle E. Shriro
Michelle E. Shriro
State Bar No. 18310900
William R. Dorward
State Bar No. 24007123
Todd Hoodenpyle
State Bar No. 00798265

16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748
Email: mshriro@singerlevick.com
Email: dorward@singerlevick.com
Email: hoodenpyle@singerlevick.com

ATTORNEYS FOR
LARRY A. LEVICK, LITIGATION TRUSTEE